UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
MOHAMMED BOUHAJRAH, individually and on behalf of all
others similarly situated,

                                 Plaintiffs,

                  -against-

HILL DELI GROCERY CORP., AZAAL DELI GROCERY CORP.,
ANA DELI GROCERY CORP., and NASSER ALMASMARI,

                                 Defendants.
-------------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

      Plaintiff Mohammed Bouhajrah ("Bouhajrah" or "Plaintiff"), individually and on behalf of

all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants,

Hill Deli Grocery Corp. ("Hill Deli"), Azaal Deli Grocery Corp. ("Azaal Deli"), Ana Deli Grocery

Corp. ("Ana Deli"), and Nasser Almasmari ("Almasmari") (collectively, "Defendants"),

respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

      1.     This is an action seeking equitable and legal relief for Defendants' violations of the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA") and New York

Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.*

      2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action

arising under the FLSA.

      3.     This Court has supplemental jurisdiction over the claims arising under New York

state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related

to Plaintiffs' federal claims as to form the same case or controversy under Article III of the United

States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5.      Plaintiff is an individual residing in the State of New York.

6.      At all relevant times, Plaintiff was employed by Defendants.

7.      While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.      Plaintiff is a covered employee within the meaning of the FLSA and the NYLL.

9.      Defendant Hill Deli is a domestic corporation with its principal place of business located at 949 Ogden Avenue, Bronx, New York 10452.

10.     Defendant Azaal Deli is a domestic corporation with its principal place of business located at 1053 Ogden Avenue, Bronx, New York 10452.

11.     Defendant Ana Deli is a domestic corporation with its principal place of business located at 1011B Ogden Avenue, Bronx, New York 10452.

12.     Defendant Almasmari is an individual residing, upon information and belief, in the State of New York.

13.     At all relevant times, Almasmari was an owner of Hill Deli, Azaal Deli, and Ana Deli.

14.     At all relevant times, Almasmari was and still is an officer, director, shareholder, and/or person in control of Hill Deli, Azaal Deli, and Ana Deli, who exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees, set

employees' work schedules and conditions of employment, determine the rate and method of payment for employees, and maintain employment records.

15.    Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

16.    Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

17.    Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff.

18.    Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

19.    At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA, and NYLL.

20.    Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

21.    Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

22.    Defendants operate in interstate commerce.

23.    Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

24.    The First and Second Causes of Action in this Complaint, which arise out of the FLSA, are brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint, and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

25.     The FLSA Collective Plaintiffs consist of no less than twelve (12) similarly situated current and former employees of Defendants who, during their employment with Defendants, work or worked in excess of forty (40) hours per week due to Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages and pay.

26.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable minimum wages and overtime rate for all time worked in excess of forty (40) hours per week.

27.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

28.     Defendants' unlawful conduct has been intentional, willful, in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

29.     The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and are locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. Factual Allegations

30.     Plaintiff worked for Defendants as a cashier from in or around March 2017 until in or around September 2017.

31.     As a cashier, Plaintiff's primary job duties included checking customers out at the cash register, cleaning the deli, and making coffee for customers.

32.     Plaintiff worked at each of Defendants' three (3) locations during his employment.

33.     Plaintiff worked at Hill Deli for approximately one and one-half (1.5) months; at Ana Deli for approximately four (4) months; and at Azaal Deli for approximately one and one-half (1.5) months.

34.     Throughout his employment, Plaintiff regularly worked seven (7) days per week, from 10:00 a.m. until 10:00 p.m., for a total of approximately eighty-four (84) hours per week.

35.     Defendants neither tracked the hours Plaintiff worked, nor required Plaintiff to record his time.

36.     Plaintiff was not afforded meal or rest breaks during his shifts.

37.     Throughout his employment, Defendants paid Plaintiff a fixed weekly wage of $600.00 per week, regardless of the number of hours Plaintiff worked each week.

38.     Defendants did not pay Plaintiff additional compensation for hours worked in excess of forty (40) per week.

39.     Additionally, based on Plaintiff's compensation and hours worked per week, Plaintiff's regular rate of pay routinely fell below the applicable federal and/or state minimum wage rates.

5

40.     Plaintiff also frequently worked shifts that spanned more than ten hours per day, but was not paid spread of hours pay of an additional hour's pay at the full minimum wage rate for every day in which his shift exceeded ten hours ("spread of hours pay").

41.     Moreover, several times during his employment, Defendants made unlawful deductions from Plaintiff's wages, which Defendants alleged were made because the cash register at which Plaintiff was working was short of money at the end of Plaintiff's shift.

42.     In or around August 2017, Plaintiff requested a raise from Almasmari in order to bring his compensation to at least the applicable minimum wage rate, which Almasmari rejected.

43.     Approximately three (3) weeks later, Defendants terminated Plaintiff.

44.     At the time Plaintiff was terminated, Defendants had already found an employee to replace Plaintiff.

45.     Defendants retaliated against Plaintiff by terminating him for attempting to assert his legal rights under the FLSA and/or the NYLL.

46.     While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to minimum wages, spread of hours pay, and overtime compensation.

47.     However, Defendants failed to pay Plaintiff at least the applicable minimum wage for all hours worked.

48.     Furthermore, despite routinely working more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate or the applicable minimum wage rate, whichever is greater, for the hours he worked in excess of forty (40) per week.

49.     Defendants also failed to pay plaintiff spread of hours pay for each day that Plaintiff worked a shift that spanned more than ten (10) hours.

50.     Defendants failed to furnish to Plaintiff a payroll notice at the time of his hire, or at any time thereafter, containing Plaintiff's rates of pay, the designated payday, or other information required by NYLL § 195(1).

51.     Defendants further failed to furnish to Plaintiff, with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

52.     Defendants violated federal and state law by willfully failing to pay Plaintiff the statutory minimum wages, overtime compensation, and spread of hours wages owed to him; by unlawfully deducting Plaintiff's wages; by failing to provide Plaintiff the required payroll and wage notices; and by terminating Plaintiff in retaliation for demanding his wages be increased to the minimum required by law.

## AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Minimum Wage Violations under the FLSA)*

53.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

54.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wage for the hours they worked.

55.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the statutory minimum wage for the hours they worked.

56.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required minimum wages, Plaintiff and the FLSA Collective

Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

57.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total amount of wages due ("liquidated damages").

58.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

59.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

60.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half times their regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

61.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

62.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half times their regular hourly rates

of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

63.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

64.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

65.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the Second Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Minimum Wages Violations under the NYLL)*

66.     Plaintiff repeats and realleges all prior allegations set forth above.

67.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to receive at least the statutory minimum wage for all hours worked.

68.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wage for the hours he worked.

69.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

70.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

71.     Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Overtime Violations under the NYLL)*

72.     Plaintiff repeats and realleges all prior allegations set forth above.

73.     Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half times his regular hourly rate or pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

74.     Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

75.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

76.     As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

77.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

78.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(*Spread of Hours Violations under the NYLL*)

79.     Plaintiff repeats and realleges all prior allegations.

80.     Plaintiff regularly worked shifts that spanned more than ten (10) hours per day.

81.     Defendants willfully failed to pay Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten (10) hours.

82.     By failing to pay Plaintiff spread of hours pay, Defendants have willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to the Hospitality Industry Wage Order, 12 N.Y.C.R.R. §§ 146-1.6.

83.     Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of Plaintiff's unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFFS
(*Unlawful Deductions from Wages Under the NYLL*)

84.     Plaintiff repeats and realleges all prior allegations set forth above.

85.     Pursuant to the provisions of NYLL § 193(1), employers are prohibited from making any deductions from the wages of an employee, except in limited circumstances.

86.     During the relevant period, Defendants made deductions from Plaintiff's wages to recoup alleged shortages in Defendants' cash registers.

87.     Defendants deductions of Plaintiff's wages violated NYLL § 193(1).

88.     Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of Plaintiff's unlawfully deducted wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Retaliation under the FLSA)*

89.     Plaintiff repeats and realleges all prior allegations.

90.     In or around August 2017 and again in or around September 2017, Defendants denied Plaintiff's requests for a wage increase to the minimum required by law.

91.     Defendants terminated Plaintiff approximately three (3) weeks after Plaintiff's second request for a wage increase.

92.     Defendants terminated Plaintiff's employment in retaliation for Plaintiff's attempt to assert his legal rights under the FLSA.

93.     Upon information and belief, Plaintiff was the only employee terminated in or around September 2017.

94.     Defendants did not have any legitimate, non-retaliatory reason for terminating Plaintiff's employment.

95.     Defendants' termination of Plaintiff constitutes unlawful retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).

96.     As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants emotional, physical, and punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

97.     Judgement should be entered in favor of Plaintiff and against Defendants on the Seventh Cause of Action for emotional, physical, and punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(*Retaliation Under the NYLL*)

98.     Plaintiff repeats and realleges all prior allegations.

99.     Defendants terminated Plaintiff's employment three (3) weeks after, and in retaliation for, Plaintiff's attempt to assert his legal rights under the NYLL.

100.    Defendants' termination of Plaintiff constitutes unlawful retaliation in violation of NYLL § 215.

101.    As a result of Defendants' violations of the law, Plaintiff has been damaged and is entitled to recover from Defendants emotional, physical, and punitive damages, if applicable, along with lost wages, front pay, liquidated damages, reasonable attorneys' fees, and costs.

102.    Judgement should be entered in favor of Plaintiff and against Defendants on the Eighth Cause of Action for emotional, physical, and punitive damages, if applicable, lost wages, front pay, liquidated damages, reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
(*Failure to Provide Payroll Notices Under the NYLL*)

103.    Plaintiff repeats and realleges all prior allegations.

104.    Throughout the relevant time period, Defendants failed to furnish to Plaintiff a notice containing the rate or rates of pay and basis thereof; allowances, if any, claimed as part of

13

the minimum wage; the regular pay day designated by the employer; and other information required by NYLL § 195(1).

105.    As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Failure to Provide Payroll Notices Under the NYLL)*

106.    Plaintiff repeats and realleges all prior allegations.

107.    Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: Plaintiff's regular and overtime rates of pay; the number of regular and overtime hours worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

108.    As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.


**WHEREFORE** Plaintiff prays for relief as follows:

a)  on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all minimum wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all overtime wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for all spread of hours wages due, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for all unlawfully deducted wages, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for all emotional, physical, and punitive damages, if applicable, along with all lost wages and front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

h) on the Eighth Cause of Action for all emotional, physical, and punitive damages, if applicable, along with all lost wages, front pay, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

i) on the Ninth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

j) on the Tenth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

k)  interest;

l)  costs and disbursements; and

m)  such other and further relief as is just and proper.


Dated:  New York, New York
        December 6, 2018

<div style="margin-left:50%">

*/s/ Adam Sackowitz*
Adam Sackowitz
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
ajsackowitz@katzmelinger.com
*Attorneys for Plaintiff*

</div>